UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICKY WAGONER, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:05-CV-241RM |
| ED BUSS, *et al.*, | ) ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

Ricky Wagoner, a prisoner confined at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that his federally protected rights were violated while he was confined at the Westville Correctional Facility ("WCF"). The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. <u>Weiss v. Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Wagoner brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Wagoner states in his complaint that the defendants falsely accused and charged him with misconduct which resulted in a disciplinary infraction for damaging state property. The conduct adjustment board found him guilty of the charges against him. Mr. Wagoner refers to the petition for writ of habeas corpus currently pending in this court challenging the restitution he was ordered to pay for the property he damaged. Because that petition has not yet been ruled on, Mr. Wagoner can not allege that the finding of guilt has been set aside. Heck v. Humphrey, 512 U.S. 477 (1994), provides that if the remedy sought under § 1983 would require a finding or judgment that would render a criminal conviction or sentence invalid, then the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. The <u>Heck</u> doctrine applies to prison disciplinary hearings. <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997). Accordingly, until the disciplinary finding of guilt has been set aside, Mr. Wagoner may not file a § 1983 complaint asserting claims arising from an allegedly false conduct report.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: <u>April 27, 2005</u>

<u>   /s/ Robert L. Miller, Jr.   </u>
Chief Judge
United States District Court
